UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: 5:18-cr-00667 |
| Plaintiff, | ) ) ) | |
| | ) | JUDGE JOHN R. ADAMS |
| v. | ) ) | |
| DANTE DIXON, | ) ) | **MEMORANDUM OF OPINION AND ORDER** |
| Defendant. | ) ) | (Resolving Docs. 126, 130, 131, 132) |

This matter is before the Court on the *Defendants' Motion for Sentence Reduction Under 18 U.S.C. § 3582(c)(2)* (Doc. 126) and the *Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2)* (Doc. 130) (the "<u>Motion</u>") filed by Defendant Dante Dixon ("<u>Dixon</u>"). The United States of America filed the *Government's Response in Opposition to Defendant's Motion to Reduce Sentence Under 18 U.S.C. § 3582(c)(2)* (Doc. 131) and Dixon filed an additional reply (Doc. 132).

For the reasons stated below, the Motion is DENIED.

**I.   BACKGROUND**

A federal grand jury charged Dixon with five counts of aggravated identity theft in violation of 18 U.S.C. § 1028A(a)(1) (Counts One, Two, Four, Five, and Seven) and three counts of identity theft in violation of 18 U.S.C. §§ 1028(a)(7), (b)(1)(D), and (c)(3)(A) (Counts Three, Six, and Eight). Doc. 6. Pursuant to the *Supplemental Information* (Doc. 33), Dixon was additionally charged with wire fraud in violation of 18 U.S.C. § 1343 (Count Nine) and three counts of bank fraud in violation of 18 U.S.C. §§ 1344(1) and (2) (Counts 10–12). Doc. 33.

1

Pursuant to a plea agreement (Doc. 35), Dixon pled guilty to Counts 1, 4, 7, and 9–12. *See Minutes of Proceedings*, docket entry dated June 14, 2019.

In preparation for sentencing, the United States Pretrial Services and Probation Office prepared the Presentence Investigation Report (the "PSI"). Doc. 43. The PSI indicated Dixon had a total offense level of 18 applicable to Counts 9–12 (after a three-level reduction for acceptance of responsibility) and a criminal history category of IV, therefore the advisory guideline range was 41–51 months. Doc. 43 at p. 29, ¶ 111. Counts One, Four, and Seven each carried mandatory 24-month sentences to be served consecutively to the sentence imposed on Counts 9–12. Doc. 43 at p. 29, ¶ 111. The Court ultimately varied up and sentenced Dixon to a term of 78 months' imprisonment as to Counts 9–12. Doc. 61.

After Dixon's sentencing, the United States Sentencing Commission issued Amendment 821. He now seeks retroactive application of Amendment 821 to reduce his sentence as to Counts 9–12 to 33–41 months.

## II. LAW AND ANALYSIS

### A. Legal Standard

A defendant that has been sentenced to a term of imprisonment based on a subsequently lowered sentencing range may move the Court to reduce their term of imprisonment. 18 U.S.C. § 3582(c)(2). The lowered sentencing range in this case resulted from Amendment 821, which was made retroactive by 18 U.S.C. Appx. § 825 ("Amendment 825"). The Court must employ a two-step approach when deciding whether to reduce the defendant's sentence pursuant to a retroactive amendment. *United States v. Jones*, 980 F.3d 1098, 1107 (6th Cir. 2020) (quoting *Dillon v. United States*, 560 U.S. 817, 826–27 (2010)).

First, the Court must ensure the defendant is eligible for a sentence modification pursuant to 18 U.S.C. Appx § 1B1.10 (the "Policy Statement"). *Id.* Relevant in this case, the Policy Statement applies to Amendment 821. *See* 18 U.S.C. Appx § 1B1.10, n.7.

If the defendant is eligible, the Court is further instructed to consider the applicable 18 U.S.C. § 3553(a) factors to determine whether a reduction is warranted in light of the particular circumstances of the case. *Jones*, 980 F.3d at 1107. The section 3553(a) factors are: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the applicable sentencing guidelines range; (5) any pertinent policy statement; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. *See* 18 U.S.C. § 3553(a).

**B. Analysis**

In the Motion, Dixon asks the Court to reduce his sentence under Amendment 821 based on the assertion that the amendment changes his criminal history points and, as a result, the advisory range as to Counts 9–12 of the *Supplemental Information* (Doc. 33) is lowered to 33–41 months as opposed to the 41–51 months used at the time of sentencing. Doc. 130 at p. 3. Part A of Amendment 821 created a new U.S.S.G. § 4A1.1(e) that provides:

> [a]dd 1 point if the defendant (1) receives 7 or more points under subsections (a) through (d), and (2) committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status.

3

At the time of sentencing, Dixon's total criminal history points were eight (8). Doc. 43 at p. 23, ¶ 77. Six (6) of those points were the result of previous criminal convictions pursuant to U.S.S.G. § 4A1.1(a). Doc. 43 at pp. 18–21, ¶¶ 72–74. Two (2) additional points were added in accordance with the then-current § 4A1.1(d)[1] because the underlying offenses were committed while Dixon was on supervised release for a federal conviction of conspiracy to commit wire fraud. Doc. 43 at p. 23, ¶ 76. Dixon now argues that the new § 4A1.1(e) would apply to adjust his guidelines range because he would not receive any additional criminal history points due to the offenses taking place while he was on supervised release, therefore his total criminal history points would be six (6) under the new calculation. Doc. 130 at p. 3. The Court finds that Amendment 821 affects Dixon's criminal history computation and he is thus eligible for consideration of a sentence reduction as to Counts 9–12.[2]

However, upon consideration of the applicable § 3553(a) factors, the Court has determined that a reduction is not warranted in light of the circumstances of Dixon's case. *See Jones*, 980 F.3d at 1107. This is due to the nature of the offenses, Dixon's criminal history and characteristics, and the need of the sentence to promote respect for the law, afford adequate deterrence, and protect the public from future crimes. *See* 18 U.S.C. §§ 3553(a)(1), (2). During the underlying offenses, Dixon operated several schemes where he defrauded individuals, many businesses, and banks by stealing identities and creating an illegitimate business, causing a total loss of over $400,000. Doc. 43 at pp. 6–13, ¶ 11–46. Dixon also has a lengthy criminal history which shows he has yet to be

---

[1] U.S.S.G. § 4A1.1(d) previously provided for "[two] points if the defendant committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status." Amendment 821 removed this language and substituted it with the new subsection (e).

[2] In the *Supplemental Exhibits in Response to Government's Opposition to Defendant's Motion to Reduce Sentence under 18 U.S.C. § 358[2](c)(2)* (Doc. 132), Dixon seeks an adjustment to the sentences as to Counts One, Four, and Seven, requesting that they run concurrently, rather than consecutively, to the sentence as to Counts 9–12. Doc. 132 at p. 9. However, Amendment 821 is inapplicable to this portion of Dixon's sentence. To the extent any consideration of the request is permissible, the Court declines to do so.

deterred from illegal activity, specifically related to fraud and general crimes of dishonesty. He has prior federal convictions for false statement on a loan application, conspiracy to commit credit card fraud, and conspiracy to commit wire fraud, as well as various state convictions such as forgery, theft, and false impersonation. Doc. 43 at pp. 15–21, ¶¶ 66–74. A review of his criminal history further shows that Dixon regularly returned to criminal activity shortly after each release from prison. This pattern indicates that he has yet to be deterred from participating in criminal activity and lacks respect for the law and others. At the time of sentencing, the Court considered Dixon's offenses and criminal history and determined that an upward variance to a 78-month sentence as to Counts 9–12 promoted respect for the law, afforded adequate deterrence, and protected the public. *See* 18 U.S.C. § 3553(a)(2).

The Court recognizes and commends Dixon for the personal improvements he has made through education, teaching, advocacy and treatment while incarcerated. Doc. 132. However, given the facts and after consideration of the need for the sentence imposed to promote respect for the law, protect the public, and offer adequate deterrence, the Court finds a reduction to Dixon's sentence is not warranted. The Court's imposition of the sentence was sufficient but not greater than necessary, and if sentenced today with a two-point reduction pursuant to Amendment 821, this Court would impose the same sentence.

### III. CONCLUSION

For the reasons stated above, the *Defendants' Motion for Sentence Reduction Under 18 U.S.C. § 3582(c)(2)* (Doc. 126) and the *Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2)* (Doc. 130) are DENIED.

Date: November 4, 2024                    */s/ John R. Adams*
                                                                                                             JOHN R. ADAMS
                                                                                                             UNITED STATES DISTRICT JUDGE